UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD FRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COLVILLE TRIBAL COURT OF THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, a federally recognized Indian Tribe, and LAWRENCE FRY,<br><br>　　　　　Defendants. | NO. CV-07-0178-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING ACTION** |

On June 5, 2007, the Court held a hearing in the above-captioned matter. Aaron Lowe appeared telephonically on behalf of Plaintiff Richard Fry, Robert Simeone appeared telephonically on behalf of Defendant Lawrence Fry, and Timothy Woolsey and James Bellis appeared telephonically on behalf of Defendant Colville Tribal Court. Before the Court was Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued (Ct. Rec. 1). At the conclusion of the hearing, the Court took Plaintiff's motion under advisement. After hearing oral argument and reviewing submitted material and relevant authority, the Court is fully informed and hereby denies Plaintiff's motion, finds that jurisdiction lies with the tribal

ORDER ~ 1

court and therefore dismisses the instant action for lack of jurisdiction.

## I. Background

This case arises out of a contract dispute between Lawrence Fry, a member of the Colville Tribe, and his son Richard Fry, a nonmember of the Colville Tribe. In 2001, Lawrence Fry filed an action in the Colville Tribal Court for unjust enrichment, forcible detainer, and partnership accounting (Ct. Rec. 6-2). During the course of the litigation, Richard Fry filed a counterclaim, moved for an order finding Lawrence Fry in contempt, and obtained an order requiring Lawrence Fry to turn over vehicles. The tribal court action was initially settled by the parties' agreement to a stipulated judgment which included a clause maintaining jurisdiction in the tribal court for purposes of enforcement. *Id.* The stipulated judgment was intended to resolve the contract dispute between the Frys and provided for disposal of a significant amount of personal property as well as a fee parcel of land within the boundaries of the reservation owned by Richard Fry, the nonmember.

Defendants allege that Richard Fry failed to fulfill the promises contained in the stipulated judgment (Ct. Rec. 6 at 3). Between October 8, 2002, when the stipulated judgment was signed, and the filing of the instant action in federal court, the parties were involved in extensive tribal court litigation regarding the stipulated judgment, including an action by Lawrence Fry seeking enforcement of the stipulated judgment, motions for reconsideration and an appeal by Richard Fry, and most recently, a motion to dismiss for lack of subject matter jurisdiction. Neither Richard Fry nor his counsel attended the hearing on the motion

ORDER ~ 2

to dismiss and the motion to dismiss was denied by the tribal court on January 24, 2007 (Ct. Rec. 6-2). Richard Fry did not appeal the tribal court's denial of his motion to dismiss.

After approximately six years of litigation in tribal court, including consent to a stipulated judgment by Richard Fry and his counsel and a number of enforcement actions regarding the stipulated judgment, Richard Fry now seeks a temporary restraining order from this Court preventing further action by the tribal court.

While Richard Fry seeks a temporary restraining order, the underlying issue is whether the tribal court can maintain jurisdiction over the action given Richard Fry's nonmember status. In order to avoid continued litigation in this matter, the Court hereby undertakes an analysis of the jurisdictional question.

## II. Analysis and Conclusion

A. Exhaustion in Tribal Court

Plaintiff Richard Fry seeks action by this Court based on an allegation of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. However, the Supreme Court has consistently held that a determination of a tribal court's jurisdiction "should be conducted in the first instance in the Tribal Court itself." *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians,* 471 U.S. 845, 856 (1985). The Court went on to explain that "[e]xhaustion of tribal court remedies . . . will encourage tribal courts to explain to the parties the precise basis for accepting jurisdiction, and will also provide other courts with the benefit of their expertise in such matters in the event of further judicial review." *Id.* at 857. "At a minimum, exhaustion of tribal remedies means that tribal *appellate*

ORDER ~ 3

*courts* must have the opportunity to review the determination of the lower tribal courts." *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 17 (1987) (emphasis added).

Here, Plaintiff Richard Fry failed to appear at the tribal court hearing on his own motion to dismiss based on lack of subject matter jurisdiction (Ct. Rec. 2 at 14). Plaintiff also failed to appeal the tribal court's order denying plaintiff's motion, thus denying the tribal appellate court the opportunity to review the lower court's determination of jurisdiction. Based on Plaintiff's own action, whether or not conducted in good faith, Plaintiff's tribal court remedies were never exhausted. Therefore, this Court is directed by Supreme Court precedent to stay its hand, and thus dismisses the instant action.

B. Jurisdiction Under the *Montana* Exceptions

In the alternative, assuming Plaintiff had exhausted tribal court remedies, this Court finds that the tribal court has jurisdiction over the execution of the stipulated judgment, barring this Court from exercising jurisdiction over the instant matter. "Indian tribes' regulatory authority over nonmembers is governed by the principles set forth in *Montana v. United States*, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), which we have called the 'pathmarking case' on the subject." *Nevada v. Hicks,* 533 U.S. 353, 358 (2001).

> Indian tribes retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands. A tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements. *Williams v. Lee*, supra, at 223, 79 S.Ct., at 272; *Morris v. Hitchcock*, 194 U.S. 384, 24 S.Ct. 712, 48 L.Ed. 1030; *Buster v. Wright*, 135 F. 947,

ORDER ~ 4

>950 (CA8); see *Washington v. Confederated Tribes of Colville Indian Reservation*, 447 U.S. 134, 152-154, 100 S.Ct. 2069, 2080-2082, 65 L.Ed.2d 10. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. *See Fisher v. District Court*, 424 U.S. 382, 386, 96 S.Ct. 943, 946, 47 L.Ed.2d 106; *Williams v. Lee*, supra, at 220, 79 S.Ct., at 270; *Montana Catholic Missions v. Missoula County*, 200 U.S. 118, 128-129, 26 S.Ct. 197, 200-201, 50 L.Ed. 398; *Thomas v. Gay*, 169 U.S. 264, 273, 18 S.Ct. 340, 343, 42 L.Ed. 740.

*Montana v. United States*, 450 U.S. 544, 565-66 (1981) (footnotes omitted). This passage established the two exceptions to the "general proposition that the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." *Id.* at 565.

*1. The First* Montana *Exception*

With respect to the first exception, Plaintiff acknowledges that he has entered a consensual relationship with a member of the tribe through a contract, but contends that the tribe lacks jurisdiction because the tribe is not regulating his activity "through taxation, licensing, or other means." Plaintiff originally filed his request for a temporary restraining order based on his claim that the tribe might arrest Plaintiff pursuant to an arrest warrant issued based on a tribal court finding that Plaintiff was in contempt of the tribal court for failing to abide by the terms of the stipulated judgment entered in the tribal court. Therefore, analyzing this case in the context of the first *Montana* exception, the question before this Court is whether enforcement of a stipulated judgment fits within the definition of "other means" by which a tribe may exercise jurisdiction over a nonmember when that individual consensually contracts with a tribal member.

ORDER ~ 5

Arguing against jurisdiction, Plaintiff cites extensively to the Ninth Circuit's opinion in *Ford Motor Co. v. Todecheene,* 394 F.3d 1170 (9th Cir. 2005), arguing that the phrase "or other means" should be narrowly construed, despite the fact that the Ninth Circuit's opinion in *Ford* has since been withdrawn. *Ford Motor Co. v. Todecheene,* 474 F.3d 1196 (9th Cir. 2007), *amended by Ford Motor Co. v. Todecheene,* 488 F.3d 1215 (9th Cir. 2007).

The Court finds that enforcement of a stipulated judgment signed by both parties which explicitly includes a jurisdictional clause, is a proper means for a tribe to regulate the activity of a nonmember who enters into a consensual contractual relationship with a tribal member. While enforcement of a such an agreement may not be similar to taxation or licensing, given Richard Fry's consent to tribal jurisdiction, such enforcement is a proper exercise of tribal jurisdiction.

*2. The Second* Montana *Exception*

While both parties analyzed this case in the context of the first *Montana* exception, this Court finds the second *Montana* exception more appropriate here. The second exception articulated in *Montana* holds that "[a] tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Montana,* 450 U.S. at 566. Here, the tribe has found that it retains jurisdiction over the enforcement of a stipulated judgment, signed by both parties, which disposes of a significant amount of both personal and real property. Thus, while the underlying case involved a nonmember

defendant, once the nonmember defendant agreed to and signed the stipulated judgment including the clause holding that the tribal court retained jurisdiction over enforcement of the stipulated judgment, the nonmember defendant put the political integrity of the tribe and the tribal court at issue in any failure to abide by the terms of the judgment.

In 1959, the Supreme Court found that a state court lacked jurisdiction to hear a collection action filed by a non-Native American merchant against a Native American customer arising on tribal land. *Williams v. Lee,* 358 U.S. 217 (1959). The Supreme Court found that

> the exercise of state jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves. It is immaterial that respondent is not an Indian. He was on the Reservation and the transaction with an Indian took place there.

*Id.* at 223. This opinion was cited favorably as an example of both exceptions listed in *Montana*. This Court finds the reasoning in *Williams* persuasive. In the instant case, any attempt to enforce the stipulated judgment in state or federal court would infringe upon tribal rights of self government.

As this Court has determined, based on the foregoing analysis, that the tribal court retains jurisdiction, this Court is without jurisdiction to hear the case. Therefore, Plaintiff's claim is dismissed based on a lack of subject matter jurisdiction.

///
///
///

ORDER ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued **(Ct. Rec. 1)** is **DENIED**.

2. Judgment is hereby entered against Plaintiff.

**IT IS SO ORDERED.**  The District Court Executive is directed to:

1. Enter this Order;

2. Provide a copy to counsel; and

3. Close this file.

**DATED** this   17th   day of August 2007.


                          S/ Edward F. Shea
                          EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2007\0178.dismiss.wpd

ORDER ~ 8